FRANCIS E. PARKER *vs.* JESCHE SOPHIE KÜCKENS & others.

Under Gen. Sts. c. 95, the probate court has authority to order a public administrator to distribute the balance of an estate amongst the next of kin of the intestate.

APPEAL from a decree of the judge of probate, ordering a public administrator to distribute the balance of an estate administered upon by him amongst the next of kin of the intestate.

*F. E. Parker, pro se.*

*R. T. Paine, Jr.,* for the next of kin.

METCALF, J. The question on this appeal is, whether the Gen. Sts. *c.* 95, authorize the court of probate to decree that a public administrator shall distribute among an intestate's next of kin the balance of his personal property which remains after his debts, funeral expenses, and the charges of administration, are paid; or whether such balance must, in all cases, be deposited in the treasury of the Commonwealth. The provision of § 6 of that chapter is, that "every public administrator shall give bond to the judge of the probate court for the faithful performance of his duties, in like manner as required of other administrators," with one additional condition in the bond, which in no way affects the present question. The fourth condition of his bond, as prescribed in § 7, requires him "to pay the balance of every such estate, remaining in his hands upon the settlement of his accounts, to such persons as the probate court shall direct," (which is also the prescribed condition of other administrators' bonds, in Gen. Sts. *c.* 94, § 2,) "and, when such estate has been fully administered, to deposit the whole amount remaining in his hands with the treasurer of the Commonwealth." By § 12, "when an estate has been fully administered by a public administrator, and the debts paid according to law, he shall deposit the balance of such estate, remaining in his hands, with the treasurer of the Commonwealth, who shall receive and hold it for the benefit of those who may have lawful claims thereon."

It is impossible to construe the foregoing words, "when an estate has been fully administered," in their technical and proper sense. In that sense, the estate would not be fully administered, until after the administrator had deposited with the treasurer the balance, if any, of the estate remaining in his hands; and hence the provision that he shall make such deposit when the estate has been fully administered, would be nugatory and absurd. We must therefore seek some other construction of those words. And we think the true construction is, that after all other acts of administration have been performed by the

administrator, he shall deposit any balance of the estate, that may remain in his hands, with the treasurer of the Commonwealth.

Then comes the question, to what persons can the probate court lawfully direct a public administrator to pay the balance of an estate remaining in his hands, upon the settlement of his accounts? It is the fourth condition of his bond, and of the bond of every other administrator, that he shall pay such balance to such persons as the probate court shall direct. And upon the construction that we give to the provision in § 12 of *c.* 95, we think the probate court is authorized to decree a distribution, by a public administrator, of the balance of personal property remaining in his hands, (after settlement of his accounts,) among the deceased's next of kin. We cannot see anything in the reason or policy of the matter which should prevent the final settlement, by the probate court, of an estate committed to the charge of such administrator, in the same manner, so far as practicable, as other estates are settled in the same court. Long before the appointment of a public administrator was required, the property of a deceased person who left no kindred, wife or husband, escheated to the Commonwealth. Yet though his next of kin were foreigners, they obtained a decree, from the probate court, for distribution among them of the balance left in the administrator's hands. *Loring* v. *Steineman,* 1 Met. 204.

If by § 12 of *c.* 95, this appellant were bound to deposit in the state treasury the balance of his intestate's estate, yet by § 14 the intestate's heirs might immediately obtain from the probate court letters of administration on his estate. And we cannot suppose that the legislature could have intended to require this expense and delay, when the distribution could be safely made on a state of facts already known.

*Decree affirmed.*